IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In Re: | * | |
| George T. Moran, Inc., | * | Case No. 10-18337-RAG |
| Debtor. | * | (Chapter 11) |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### REPLY OF NATIONWIDE MUTUAL INSURANCE COMPANY TO THE RESPONSE OF CHIEF RESTRUCTURING OFFICER TO OBJECTIONS TO SALE MOTION

Nationwide Mutual Insurance Company ("Nationwide"), by and through its counsel, hereby submits its reply in support of its Partial Objection to the Motion for an Order Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of Certain Liens, Claims, Encumbrances, and Interests Under 11 U.S.C. Section 363(b) & (f) (the "Motion"), filed on July 9, 2010. For its reply, Nationwide states the following:

**Nationwide Is A Creditor Of The Estate**

1. The Chief Restructuring Officer (the "CRO") states in a footnote of his response that he was "in frequent contact with the principal creditors in this case regarding the status of the sale process… ." He states that "Nationwide has not filed a proof of claim and does not state that it holds a claim against the estate in its Objection." These statements are troubling, particularly in that Nationwide is a substantial creditor of the Debtor.

2. Prior to the filing of the bankruptcy petition, the Debtor was the subject of a lawsuit that had been filed against it and its principals, Charles David Wallace ("David

Wallace") and Brenda Diane Tamariz Wallace ("Diane Wallace") (the "Lawsuit"). As the CRO noted, the Wallaces filed a joint voluntary petition under Chapter 7 of the Bankruptcy Code on or about May 26, 2010. The CRO himself was appointed the Chapter 7 trustee in that case.

3. The Lawsuit included a $2.3 million claim against Diane Wallace as the obligor of an unpaid loan. It included a fraudulent transfer claim against David Wallace as a result of Diane Wallace transferring one hundred percent of her shares in George T. Moran, Inc. to her husband for no consideration.

4. But more importantly for the purposes of this matter, the Lawsuit included four claims against this Debtor for tortious interference and for unlawful use of Nationwide's trade secret information. For reasons that remain unexplained, the Debtor only listed Nationwide as a creditor on schedule E, holding a priority claim for an employee pension contribution. That Nationwide has not yet filed a proof of claim in this bankruptcy case is disingenuous in view of the fact that the claims filing deadline is August 17, 2010.

5. Nonetheless, it remains that prior to the filing of the bankruptcy petition, Nationwide was one of the most active creditors pursuing claims against both the Debtor and the principals of the Debtor. Diane Wallace had been deposed and others were set to be deposed on the eve of the filing of Debtor's petition.

**"All Known Parties With An Interest In Purchasing The Debtor's Book Of Business"**

6. The CRO states that he "and his professionals initiated discussions with all known parties with an interest in purchasing the Debtor's book of business in order to allow the market place to determine the value of the Debtor's business."[1] The CRO does not explain how he

---

[1] CRO's Response, ¶ 14.

2

determined who would have an interest in purchasing the Debtor's book of business. But more importantly, he does not explain why he did not invite Nationwide into that process even though (1) Nationwide had been one of the most active creditors of both the Debtor and the principals of the Debtor, and (2) Nationwide had already invested $2.3 million in the acquisition of the Debtor's book of business by virtue of the $2.3 million loan it had provided to Diane Tamariz Wallace so that she could acquire the Debtor.

7. Nationwide regularly funds the purchase of independent insurance agencies which is how Ms. Tamariz Wallace secured the financing for the purchase of the Debtor.

8. As such, it remains unexplained why the CRO never "initiated discussions" with Nationwide.

9. The CRO states that he required parties to execute nondisclosure agreements, presumably to allow them to perform due diligence. He indicates that one of the parties was given "a substantial amount of financial information and engaged in lengthy discussions with the CRO professionals regarding the issues surrounding the purchase of the Debtor's book of business."

10. Yet, there is nothing in the bidding procedures described in the Debtor's Motion for Order to Approve the Sale that allows a "competing bid" to secure the same type of "substantial amount of financial information" that was apparently provided to the parties that the CRO had invited into the bidding process. Rather, the CRO only permits a "competing bid" to occur without any due diligence by "competing bidder."

11. The result of this is that the CRO has established a faux process for inviting "competing bids" by not allowing for the same transmission of "a substantial amount of financial

3

information" to other parties that might be interested in submitting a bid. That is, he requires a competing bidder to submit a bid in excess of $1.494 million (the current bid plus a $25,000 break-up fee) on no information at all.

12. Nationwide has determined that it very much wants to submit a bid in excess of the current proposal, subject to its own ability to review the same financial information provided to the other parties.

13. Nationwide does not require several weeks to review such information and will timely submit a proposal within days, not weeks.

14. Accordingly, in view of the additional information provided by the CRO in his response, Nationwide requests (1) that the bid deadline be extended to Wednesday, August 11, 2010, (2) that the Debtor immediately provide the same information to Nationwide that it provided to other prospective purchasers as referenced in its response and subject to the same agreement of confidentiality, and (3) that the hearing for approval of the proposed sale be continued until August 13, 2010, or such other time proposed by the Court, in order to allow the Debtor to consider an anticipated proposal from Nationwide.

WHEREFORE, Nationwide respectfully requests the Court issue an order as described in the preceding paragraph.

                                              Respectfully submitted,

Date:  August 5, 2010                */s/ Mark F. Scurti*
                                              Mark F. Scurti
                                              (Federal Bar No. 09475)
                                              HODES, PESSIN & KATZ, P.A.
                                              901 Dulaney Valley Road, Suite 400
                                              Towson, Maryland 21204

(410) 938-8800
(410) 832-5600 (facsimile)


*/s/ Robin D. Korte*
Robin D. Korte
(Federal Bar No. 28923)
(filed by Mark F. Scurti with permission of Robin D. Korte)
HODES, PESSIN & KATZ, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland  21204
(410) 938-8800
(410) 832-5600 (facsimile)

*Counsel for Nationwide Mutual Insurance Company*

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August, 2010, a copy of the foregoing Reply was telefaxed, where applicable, and mailed first class, postage prepaid, to the following:

Joseph J. Bellinger, Esq.
Offit Kurman, P.A.
8171 Maple Lawn Blvd., Suite 200
Maple Lawn, MD  20759

Kevin Arthur, Esq.
Kramon & Graham
One South Street, Suite 2600
Baltimore, MD  21202-3201

Office of the United States Trustee
300 West Pratt Street, Suite 350
Baltimore, MD  21201

George T. Moran, Inc.
696 Ritchie Hwy.
Severna Park, MD  21146

Peter J. Haley, Esq.
Nelson Mullins Riley & Scarborough LLP
One Boston Place, Suite 4040
Boston, MA  02108

Lori Simpson, Esq.
Bishop, Daneman & Simpson
1400 South Charles Street
Baltimore, MD  21230

Lynn Krause, Esq.
Krause & Ferris
196 Duke of Gloucester
Annapolis, MD  21401

And served via electronic notification on all those who have entered an appearance in this bankruptcy case.

                                        */s/ Mark F. Scurti*
                                        Mark F. Scurti (09475)