IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
<u>(Baltimore Division)</u>

| | | |
|---|---|---|
| **In re:** | * | |
| **GEORGE T. MORAN, INC.** | * | Case No.:  10-18337-RAG<br>(Chapter 11) |
| **Debtor.** | * | |

*   *   *   *   *   *   *   *   *   *   *   *

**MORAN GROUP LLC'S OPPOSITION TO NATIONWIDE MUTUAL
INSURANCE COMPANY'S REPLY TO THE RESPONSE OF THE CHIEF
RESTRUCTURING OFFICER TO THE OBJECTIONS TO SALE MOTION**

Moran Group, LLC, ("MG"), by its undersigned attorneys, files this Opposition To Nationwide Mutual Insurance Company's Reply To The Response Of The Chief Restructuring Officer To The Objections To Motion for Authority to Sell Substantially All of the Debtor's Assets and for the Assumption and Assignment of Certain Leases and Executory Contracts (the "Opposition") pursuant to 11 U.S.C. § 363(b) & (f)  and 365(b) & (f) and Federal Rules of Bankruptcy Procedure 6004 and 2002(a)(2).  In support of this Opposition, MG states as follows:

<u>**Jurisdiction and Venue**</u>

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 105 and 363(b) & (f).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2)(A), (N), and (O).

**Background**

4. On April 15, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in this Court (the "Bankruptcy Case"). The Debtor is engaged in the business of writing insurance policies for its insureds on behalf of various insurance companies.

5. Charles David Wallace and Brenda Diane Tamariz Wallace, filed a joint voluntary petition under Chapter 7 of the Bankruptcy Code on or about May 26, 2010 in the United States Bankruptcy Court for the District of Maryland (Case No. 10-21874) ("Wallace Bankruptcy Case").

6. Mr. Wallace is the owner of 100% of the issued and outstanding stock in the Debtor (the "Stock"). The Stock is property of the bankruptcy estate in the Wallace Bankruptcy Case.

7. Charles R. Goldstein is the Chapter 7 Bankruptcy Trustee in the Wallace Bankruptcy Case and accordingly, controls the bankruptcy estate's entire interest in the Stock, including, *inter alia*, all of the voting rights associated therewith.

8. Mr. and Mrs. Wallace are the sole directors of the Debtor (the "Directors"). Mr. Russell DeVoe is listed as a Sr. Vice President in the Debtor's Statement of Financial Affairs, but withdrew as a director on or about the Petition Date.

9. The Directors determined that a sale of substantially all of the assets of the Debtor is in the best interests of the Debtor's bankruptcy estate and its creditors. The

Directors also determined that the CRO should be irrevocably appointed to control the sale of the assets, including soliciting bids from potential purchasers, selecting an initial "stalking horse" bidder, considering competing bids.

10. On July 9, 2010, the CRO filed the Motion for an Order Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of Certain Liens Claims, Encumbrances and Interests under 11 U.S.C. Sections 363(b) and (f) (the "Motion").

11. The Motion contained procedures and timelines for submitting bids and objecting to the proposed sale. The Motion provided that those persons wishing to submit a competing bid were to do so on or before July 23, 1010. Objections to the Motion were to be filed by August 2, 2010.

12. No competing bids were submitted to the CRO by the July 23, 2010. MG and the CRO have continued to work towards closing.

13. On August 2, 2010, Nationwide filed a partial objection to the sale motion indicating specific concerns about MG's owners and the extent of Marc Dorman's relationship with C. David Wallace and Diane Tamariz Wallace (collectively the "Wallaces"). Nothing in the objection to the sale filed by Nationwide indicated any desire to submit a competing bid or addressed its alleged inability to get information to do so.

14. On August 4, 2010, Nationwide took the deposition of Marc Dorman regarding his history with the Wallaces and MG's intent to continue a working relationship with the Wallaces post closing on the sale. MG believes and therefore avers that Nationwide's basis for its partial objection was resolved as a result of the testimony of Marc Dorman.

15. Nationwide's eleventh hour "Reply" does not provide a legal basis for continuing the hearing or allowing them to submit a bid at this late date.

16. Irrespective of whether or not the CRO identified Nationwide as a creditor in its pleadings, the fact remains that Nationwide had notice of the sale and the bidding procedures and failed to act to submit a bid by the deadline. To allow them to do so now would cause irreparable harm to MG and to the assets it is trying to purchase.

17. The Directors of the Debtor shut the doors yesterday and today and are causing a continuing diminution in the value of the assets MG is trying to purchase.

18. Nationwide could have requested information from the CRO and formulated a bid within the time frames set forth in the Motion. Indeed Nationwide could have indicated its desire to make a competing bid on August 2, 2010 and failed to do so.

19. To continue the hearing, to the detriment of MG on the possibility that Nationwide might consider making a bid after it reviews information is simply too speculative and should not be allowed.

20. Pursuant to Maryland Local Bankruptcy Rule 9013-2, MG will not file a separate Memorandum of Law in support of this Motion and relies solely upon this Motion.

WHEREFORE, Moran Group LLC, requests that this Court enter an order denying the relief requested in Nationwide's Reply Opposition To Nationwide Mutual Insurance Company's Reply to the Response of the Chief Restructuring Officer to the Objections to Sale Motion.

| | |
|---|---|
| DATE:  August 6, 2010 | */s/Lori Simpson*<br>Lori Simpson, Bar No. 04075<br>Bishop Daneman & Simpson, LLC<br>1400 South Charles Street<br>Baltimore, MD 21230<br>(410) 385-5383<br><br>lsimpson@bdslegal.com<br>*Attorney for Moran Group, LLC* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of August 2010, a copy of the foregoing electronically filed Opposition was served on the parties listed below by first class mail, postage prepaid, and sent by facsimile unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicated that the Opposition electronically mailed to said party.

Office of the United States Trustee
101 W. Lombard Street, Suite 2650
Baltimore, MD 21201

Joseph Bellinger, Esquire
Offit Kurman P.A.
8171 Maple Lawn Blvd. Suite 200
Maple Lawn MD 20759

Kevin Arthur, Esquire
Kramon & Graham
One South Street, Suite 2600
Baltimore, MD 21202

George T. Moran, Inc.
696 Ritchie Hwy.
Severna Park, MD 21146

Charles and Brenda Wallace
1649 Homewood Road
Annapolis, MD 21409

Peter Haley, Esquire
Nelson Mullins Riley & Scarborough LLP
One Boston Place, Suite 4040
Boston, MA 02108

Lynn Krause, Esquire
Krause & Ferris
196 Duke of Gloucester
Annapolis, MD 21401

Mark F. Scurti, Esquire
Hodes, Pessin & Katz, P.A.
901 Dulaney Valley Road
Suite 400
Towson, MD 21204

/s/Lori Simpson